*267 The opinion of the Court was delivered by
Mr. Justice Nott.
The rule of law is, that “ parol evidence cannot be admitted to contradict, add to, or vary the terms of a will, deed, or other written instrument.” (Phillips on Evidence, 423.) And Lord Coke observes, “ it would be inconvenient that matters in writing, made by advice and on consideration, and which finally import the certain truth, and the agreement of the parties, should be controlled by an averment of parties, to be proved by the uncertain testimony of slippery memory; and it would be dangerous to purchasers, and all others in such cases, if such nude averments against matter in writing, should be admitted.” The case under consideration comes directly within the rule. Here is a clear, explicit, and unequivocal written agreement to pay certain sums of money depending on-contingencies, which are also expressly stipulated. The verbal evidence went to prove a different contract. In the language of Lord Ellenborough, I might say, “ If the parol evidence were admissible in this case, in what instance might not a party by parol testimony, superadd any term to a written agreement, which would be setting aside all written contracts, and making them of no effect ?” It is not only a sound and salutary rule of law, but it is equally a rule of common sense, that written contracts should not be controlled by oral testimony. The various concep *268 tions of different minds on the same subject, the " 7 liability of all persons to forgetfulness, the influence passion, prejudice, and interest, renders contracts, at all times, uncertain. But litera scripta manet. It cannot change with times, or circumstances; and when a contract is reduced to writing, the law presumes that the writing contains the whole agreement. The testimony of the witness, in this case, ought not to have been admitted, and, therefore, a new trial must be granted. I would observe, further, that my brethren all concur in opinion with me, that this was an unreasonable demand ; and taking all the circumstances of the case into consideration, it is a contract of such a nature as is not to be highly favoured by the Court. However, as it is to go back for another trial, I will leave the merits of the case for further investigation.
Cheves, Johnson, and Gantt,, J. concurred.
Colcock, J. dissented.
Grimké, J. was absent.